WILLIAM H. PERSONETTE et al., appellants,

*v.*

MARY H. PERSONETTE, administratrix, respondent.

An administratrix of her husband's estate retained out of the estate money due her from her husband for money lent by her out of her separate estate to him, to be repaid with interest, and also money received by him as a deposit for her benefit out of her separate property. She also delivered to the surviving executor of an estate of which her husband was an executor certain securities found in her husband's safe after his death, and proved to be the property of that estate.—*Held*, that her action in both matters was lawful.

Appeal from decree of Essex orphans court,

*Mr. F. H. Pilch*, for appellants.

*Mr. J. Coult* and *Mr. G. D. G. Moore*, for respondents.

THE ORDINARY.

This is an appeal from a decree of the orphans court of Essex county, allowing a claim of $595.13, made by the respondent, administratrix of Dr. Stephen Personette, deceased, against the estate of the intestate, who was her husband, and adjudging that sixty shares of the stock of the American Mutual Insurance Company, of Newark, were the property of the estate of William P. Riker, deceased (one of whose executors Dr. Personette was), and that they were properly delivered over by the respondent to the surviving executor of Riker accordingly, and therefore also properly omitted from the inventory of the personal estate of Dr. Personette. The decree was made in proceedings to declare the estate insolvent. The appellants insist that the orphans court, in allowing the claim of the widow and justifying her act in delivering over the stock, in each case, established a trust, and so exceeded its jurisdiction. The posi-

tion is not tenable. The proof as to the debt due the widow is plenary that the money was her separate estate, and that her husband received it from her, part on deposit for safe keeping, to be returned on demand, and the rest as a loan, to be repaid with interest. She is entitled to this money as a debt due her from her husband's estate. If the claim could not be established at law, by reason of the relation existing between the contracting parties when the contract was made, it might be established in equity. *Black* v. *Black, 3 Stew. Eq. 215; S. C. on appeal, 4 Id. 798; Calame* v. *Calame, 10 C. E. Gr. 548; Gould* v. *Gould, 8 Stew. Eq. 37; Vreeland* v. *Vreeland, 1 C. E. Gr. 512.* And the indebtedness having been clearly proven, the orphans court properly regarded her claim as one in respect to which the administratrix might exercise her right of retainer as to its due proportion of the assets applicable to the payment of the debts, and therefore properly allowed it.

As to the scrip : The evidence is that Dr. Personette was one of the executors of Riker. After Dr. Personette's death, there were found in his safe various papers belonging to the various estates of which he was or had been executor or administrator. Among them was an envelope, marked in his handwriting, " Bonds and Scrip," or " Bonds and Securities " (the witness states it both ways) " belonging to the estate of William P. Riker." A few weeks before his death (he died suddenly from an accident) Dr. Personette said to his co-executor of the Riker estate that the estate was invested (he had had sole charge of it) in bonds and securities, and that if he should die his papers and books would show just what was the property belonging to that estate, and that his co-executor would know what it was by the papers and endorsements. The scrip in question stood in the name of Dr. Personette, individually. Among the papers in the safe designated as belonging to the Riker estate, was Dr. Personette's note for $500 in favor of that estate. Because it was seven years old, the person (the attorney in fact or agent of the administratrix) who first examined the papers after Dr. Personette's death, regarded it as worthless, and therefore destroyed it. There was also an account of Dr. Personette with

the estate, showing a balance of $852 in favor of the estate. This was destroyed also, as being of no value or importance. The surviving executor has filed a claim of $426, besides interest, against Dr. Personette's estate in favor of Riker's estate, and this sum is claimed to be due after crediting the scrip in question. The only question before the orphans court in regard to the scrip was, whether it belonged to the estate of Dr. Personette or to the estate of Riker. They were right in adjudging that it belonged to the latter, and constituted no part of the assets of the former. The decree will be affirmed, with costs.